## CARTER *plff. in error vs.* CARTER.

To compel one to perform military duty in a company of light infantry, his *enlistment* in such company must be shown : and his signature to the *agreement of association* is sufficient evidence of such enlistment, though the record of the company roll, of itself, would be insufficient.

It is not necessary that there be a particular entry of the time of enrollment on the company roll, as corrected on the first *Tuesday* of *May*, excepting where the enrollment is subsequent to that time.

The statute requiring commanding officers of volunteer companies to give notice of enlistments to the commanding officers of the standing companies, in which such persons enlisting *were liable to do duty*, does not apply to cases, where, by reason of permanent disability, such persons were not liable to be enrolled.

ERROR to reverse the judgment of a justice of the peace, in an action of *debt*, brought by the clerk of the *Augusta Light Infantry* against the plaintiff in error, to recover a penalty for neglect to appear at a training of said company, and of which he was alleged to be a member.

By the bill of exceptions sent up it appeared, that, to prove the enlistment of the plaintiff in error, the clerk introduced a

paper bearing the names of a number of persons, and among them that of the present plaintiff, admitted to have been signed by him *March* 5, 1834, under the following caption, *viz* : " The under-" signed do hereby voluntarily enroll themselves as members of " the *Augusta Light Infantry*, and agree to be governed by its " laws and regulations." The introduction of this paper was objected to by the counsel for the original defendant, but was allowed by the magistrate.

As additional evidence of enlistment and enrollment, the clerk introduced a book in the common printed form, running as follows, *viz.:* " Record of the Roll of the company of Light In-" fantry in the first Regiment, first Brigade, and second Division " of the Militia under the command of *William H. Chisam*, as " corrected on the first *Tuesday* of *May*, 1834." After which followed seventy-five names, and among them that of the original defendant, and to this succeeded the attestation of the clerk. After the signature of the clerk followed sundry other names of persons, purporting to have enlisted after the said first *Tuesday* of *May*, 1834, the dates of whose enlistments were set against their names. The defendant contended that this roll was not sufficient evidence of enlistment, as it did not appear when the defendant enlisted — that the company roll of enlistments should be produced, and that this should contain in the proper column the date of enlistment. But the justice ruled that this shew the defendant duly enrolled on the first *Tuesday* of *May*, and his signature to the enlistment roll, shew the time of his enlistment to be the 5*th* of *March* preceding.

It appeared that the notice of enlistments, given by the commanding officer of said company to the commanding officer of the standing company, which contained the defendant's name, did not exhibit the times of the several enlistments, nor was it given to the commanding officer of the standing company within the time required by law. The clerk, thereupon, introduced evidence to show that the present plaintiff was laboring under a permanent disability, to wit, a rupture, and contended, that not being liable to be enrolled, or to do duty in the standing company, no notice to the commanding officer thereof was necessary ; and so the magistrate ruled.

To all the foregoing rulings and decisions of the justice, the plaintiff in error excepted, and brought this writ to reverse the judgment rendered by him.

*Vose*, for the plaintiff in error.

The enlistment was not duly proved. It should have appeared by the company roll, containing an entry of the time of his enlistment or enrollment. *Sawtel* v. *Davis*, 5 *Greenl.* 439.

The first paper introduced does not purport to be, nor is it pretended by the counsel on the other side, that it is a *company roll.* The record, next introduced, is defective, inasmuch as *the time of enlistment* does not appear thereon.

2. ·The enlistment, if one be proved, is void, because the commanding officer of this company did not give notice in writing to the commanding officer of the standing company, of the enlistments, according to the requirements of law. The notice was defective in not stating the respective times of the enlistments, and was entirely nugatory, inasmuch as it was not furnished within the time required by the statute.

3. This positive requisition of the statute is not affected by reason of any permanent disability in the person enlisting. The statute makes no such exceptions ; but expressly declares that the enlistment shall be void, unless such notice be given as is therein prescribed. If the position taken by the other side be sustained, it as well might be said, if the maker of a note is insolvent, a demand upon him previous to notice to the endorser is unnecessary, because such a demand would be of no avail. But it has been repeatedly decided otherwise. *Bond & al.* v. *Farnham,* 5 *Mass.* 170 ; *Crossen* v. *Hutchinson,* 9 *Mass.* 205 ; *Sanford* v. *Dillaway,* 10 *Mass.* 52 ; *Farnum* v. *Fowle,* 12 *Mass.* 89 ; *Woodbridge & al.* v. *Bridgham & al.* 13 *Mass.* 556.

4. But it was not competent for the clerk to prove the disability of the original defendant. It was a *personal* privilege, of which he alone could avail himself. But so far from doing this, he had represented himself as able-bodied, by the performance of military duty.

5. The evidence was incompetent to prove the fact, if the clerk had a right to prove it.

*Bradbury*, argued for the defendant in error, and was sustained in his positions by the opinion of the Court. He also cited the following authorities : *Commonwealth* v. *Smith*, 14 *Mass.* 374 ; *Pitts* v. *Weston*, 2 *Greenl.* 349 ; *Hume* v. *Vance*, 7 *Greenl.* 158 ; 2 *Esp. N. P.* 688.

PARRIS J. — The act of congress, passed *May* 8, 1792, establishing an uniform militia throughout the *United States*, provides that there shall be formed for each battalion at least one company of grenadiers, light infantry, or riflemen ; and that to each division there shall be, at least, one company of artillery and one troop of horse. By the law of this state, passed *March* 8, 1834, which, in this respect, is similar to the act thereby repealed, provision is made for raising these companies at large by voluntary enlistment. As was said by this Court in *Bullen v. Baker*, 8 *Greenl.* 390, no man is bound to join any light or volunteer company, or company raised at large, unless by voluntary enlistment, and the proper evidence of such enlistment is the signature of the person enlisting. In order to render an enlistment valid, it is by no means necessary, nor would it be the most proper mode for the person enlisting to sign the record of the roll of the company. He may sign the agreement of association, or the by-laws and regulations of the company and thereby become a member. But his enlistment must be proved. There must be evidence of the proper kind that the individual charged voluntarily became a member of the company ; and the company roll, which is the work of the clerk, is not that evidence.

The clerk is required to keep a fair and exact roll of the company, together with the state of the arms and equipments belonging to each man, which roll he is annually to revise on the first Tuesday of *May*, and correct the same from time to time as the state of, and alterations in the company may require. But the entry of the name by the clerk does not constitute the enlistment : that is effected only by the voluntary act of the person enlisting. He cannot be *duly* enrolled unless he has voluntarily enlisted, and it has been held that an admission by a person charged, that he had always done military duty in the company and was *duly* enrolled, was equivalent to direct proof of enlistment. *Bullen v.*

*Baker*, before cited. But the enrolment itself unaided by any other proof, would not amount to evidence of voluntary enlistment. To prove the enlistment of the plaintiff in error, a paper was introduced in the following words : " The undersigned do hereby voluntarily enrol ourselves as members of the *Augusta* Light Infantry, and agree to be governed by its bye-laws and regulations." This paper bore the names of a number of persons as members of the company, and among them that of the plaintiff in error, who admitted that he signed it on the 5*th* of *March*, 1834, at which time it bears date against his name. We have no hesitation in saying that this is sufficient evidence of enlistment, and according to our views of the law comes fully up to all that the statute requires upon this point.

The clerk then proceeded to prove the enrolment, and that was necessary, if the law relating to enrolment applies to companies raised at large. *Johnson* v. *Morse*, 7 *Pick*. 251. To do this he produced the " record of the roll of the company, as corrected on the first Tuesday of *May*, 1834." On this roll, which was attested by the clerk, were borne the names of seventy-five persons as members of the company, and among them that of the plaintiff in error. After the attestation and signature of the clerk, followed sundry other names of persons purporting to have enlisted after the said first Tuesday of *May*, 1834, the dates of whose enlistments were set against their names. We are to keep in view that enrolment is the act of the clerk, and is distinct from enlistment, which is the act of the individual in uniting with the company. The plaintiff in error contends that the evidence of his enrolment is defective, because the time of his enrolment is not entered on the roll, and he relies on the decision of this Court in *Sawtel* v. *Davis*, 5 *Greenl.* 438. In that case it did not appear by the roll that the person charged had been enrolled so long as to be liable to do military duty in the company, and the Court held that parol evidence was inadmissible to supply the defect. Not so here. The record does show that the plaintiff in error was enrolled as early as the first Tuesday of *May*, 1834, for his name is borne on the roll as corrected on that day; and this was a sufficient length of time previous to the training which he

is charged with having neglected to attend, which was on the *26th* of *August* following.

There are *dicta* in the opinion of *Sawtel* v. *Davis* which have been somewhat modified and explained by subsequent decisions. The Court there speak of the form of a *return* of an enrolment, containing a column designated as the one in which the time when any citizen shall be enrolled, is to be entered. We have never been able to find any such form either in the possession of clerks of companies or at the Adjutant General's office. There is furnished by the Adjutant General a form or blank for the company roll, and a book for the record of such roll, corresponding with each other. But in neither of these blanks or forms is there a column for the entry of the time of the enrolment of each member. It is only such as are enrolled after the first Tuesday in *May*, which are called additional enrolments, where the time must be particularly entered. Accordingly we find a column, in the form of a company roll, and in the record of the company roll, headed " Time of *additional* enrolments made after the first Tuesday of *May*," and this is the only column in the form for the entry of the time of enrolment. Giving to the form prescribed by the Adjutant General all the efficiency and sanctity which is yielded to it in *Sawtel* v. *Davis*, which is no less than the force of law itself, and we find nothing that requires a particular entry of the time of enrolment, excepting where the enrolment is subsequent to the first Tuesday of *May*.

To prove the enrolment of the plaintiff in error, at the time when he was called upon to perform military duty, it was necessary that the roll of the company or the record thereof, as it then existed, should be produced. It was produced, and it affords record evidence that his name was on the roll as corrected on the first Tuesday of *May*, 1834. If he had been enrolled subsequently to that time, the date of such enrolment should have been particularly entered in the column designated for that purpose. But as his name was on the roll on the first Tuesday of *May*, no particular entry of the time of enrolment was necessary, or could have been made without adding another column to the form prescribed by the Adjutant General. This is the view we took of a similar question presented for decision in *Potter* v. *Smith*, 2 *Fairf*. 31, and we feel satisfied of its correctness.

But it is contended that the enlistment of *Emerson Carter* was void because the commanding officer of the Light Infantry company did not give notice thereof to the commanding officer of the standing company within whose bounds the said *Emerson* resided.

The statute requires that whenever any person shall enlist into any company of cavalry, artillery, light infantry, grenadiers or riflemen, the commanding officer of the company into which such person may enlist, shall give notice thereof, in writing, to the commanding officer of the standing company *in which such person is liable to do duty*, within five days from the time of such enlistment, and state in such notice, the date of enlistment, otherwise the same shall be void.

In answer to this objection it is replied that *Emerson* was not an able bodied citizen, and, therefore not liable to do duty in the local militia. Suppose that a person over the age of forty-five years or an officer who had held a commission in the militia for the term of five years should enlist into a company raised at large, would it be necessary for the commanding officer of such company to give notice thereof to the commanding officer of the standing company within whose bounds the person so enlisting should reside ? Undoubtedly not, because the person enlisted is not *" liable to do duty"* in such standing company.

The commanding officer thereof has no interest or concern in his enlistment, as it neither diminishes or affects the standing company. The same principle is applicable to this case. If *Carter*, the plaintiff in error, was not an able bodied citizen he was not liable to be enrolled in any standing company of militia, and it was a matter of no concern to the commanding officer of any such company, whether *Carter* did or did not enlist into the *Augusta* Light Infantry ; and, as by law, the commanding officer of the Light Infantry is not bound to give notice of *Carter's* enlistment to any one except the commanding officer of the standing company in which he is liable to do duty, and as he is not liable to enrolment or to do duty in any standing company, it follows that no notice of his enlistment is required to be given. The law itself as well as the reason of the law both point to this conclusion. This Court has repeatedly decided that a person who is

not able bodied is not liable to be enrolled and that it is not necessary for such person to produce the certificate of a surgeon, nor offer an excuse to the commanding officer for omitting to perform military duty, but that, in an action for such omission, he may defend himself at the trial by showing that, by reason of permanent bodily disability, he was not liable to be enrolled. *Pitts* v. *Weston,* 2 *Greenl.* 349 ; *Hume* v. *Vance,* 7 *Greenl.* 158.

That such was the situation of the plaintiff in error there can be no doubt. In the first place, he admitted it, and made use of the usual remedy for such disability. In the second place, it was proved by distinct, positive testimony.

With such proof before him we do not perceive how the Justice could have decided otherwise than that he, *Carter,* was not an able bodied citizen. It is unnecessary to go into speculations about the possibility or probability of a cure in such cases of injury, which are known to be always attended with more or less danger. It is sufficient that no surgeon, of experience and reputation, would pronounce a person able bodied while laboring under an injury of the kind proved to exist in this case, and which is known to be rarely cured.

We think the Justice had proof sufficient that the plaintiff in error, at the time of his enlistment, was not able bodied within the meaning of the militia law, even without his own admissions, and it consequently becomes unnecessary to decide upon their admissibility.

We do not intend to be understood as deciding that *Carter* is to be holden to perform military duty in the Light Infantry, if he be *now* unable to do so by reason of bodily infirmity. That question is not presented in the exceptions. But we do decide that the proof is sufficient to show that he voluntarily enlisted and was duly enrolled, notwithstanding any of the objections raised in his behalf; and those are substantially, the only questions now submitted to our decision.

We are not to go out of the case, or to decide upon any question not raised by the exceptions; and whether a man who, although not liable to enrolment by reason of bodily infirmity, yet voluntarily enlists into a company raised at large is liable to per-

form military duty in such company, the infirmity still continuing, is a question not presented by the exceptions or discussed in the argument.

We think the exceptions are not sustained. They are accordingly overruled.